WIGGINTON, Judge
(concurring in part, dissenting in part).
I concur in the basic holding of the majority opinion that the trial court erred in refusing to allow appellant to testify on the issue concerning the voluntariness of his confession outside the presence of the jury when he requested the privilege to do so. His testimony should have been admitted and taken into consideration by the trial court in passing upon the voluntariness of the confession.
I do not agree, however, that the circumstances of this case necessarily require that the judgment of conviction and sentence be set aside and a new trial granted at this stage of the proceeding. The cause should be remanded with directions that the trial court hold a full evidentiary hearing on the issue of whether appellant’s confession was voluntarily given. Based upon the evidence to be adduced at such hearing by both appellant and appellee, the trial court should render its order holding the confession to have been voluntarily or involuntarily given. If the court finds that the confession was voluntary, then no neces *324 sity exists for setting aside the judgment of conviction and having a retrial of the remaining issues. If, however, the trial court finds that the confession was not voluntarily given, at that stage of the case an order should be entered setting aside the judgment of conviction and sentence and granting a new trial. This is the procedure recommended by the Supreme Court of the United States in the case of Jackson v. Denno[1] upon which the majority opinion in the case of sub judice is predicated. Useless judicial proceedings should be avoided when possible not only for the purpose of expediting the final disposition of the case but also for the purpose of conserving the court time and monetary expense incident to a new trial.

. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.